IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**BARRY C. WILLIAMS,**

**Defendant.**                                                  No. 07-CR-30015-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court are several motions filed by Defendant Barry C. Williams on March 7, 2008: (1) motion for transcripts and report of proceedings (Doc. 88); (2) motion to proceed in forma pauperis (Doc. 89); and (3) motion for prompt disposition (Doc. 90). Based on the following, the Court rules as follows.

As to the motion for transcripts and a report of proceedings, Williams contends that he needs his sentencing/plea hearing transcripts and statement of reason in order to prepare his 28 U.S.C. § 2255 petition. These transcripts do not exist. The transcripts for his sentencing and plea hearings have not been prepared.

When transcripts have not been prepared, a defendant has a right to have transcripts prepared at the Government's expense under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a *pending* and non-frivolous actions. **See 28 U.S.C. § 753(f) (emphasis added)**. .

These requirements do not violate the Constitution.  **See *United States v. McCollum*, 426 U.S. 317 (1976)(court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection**).

Further, section 753(b), as construed by the Seventh Circuit, allows an indigent defendant to obtain free copies of documents in the court's file if he shows that he has exhausted all other means of access to the file and that documents requested are necessary for the preparation of some specific non-frivolous court action.  **See *United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977)**.

Here, Williams' motion clearly is insufficient.  The transcripts are not part of the Court's file.  Thus, the Court cannot provide them under § 753(b).  In any event, Williams fails to demonstrate that he needs the transcripts for a non-frivolous action.  He merely states that "he is need of his transcripts in order to file a U.S.C. §2255 petition."  Nor does he specify the claims he intends to raise in his § 2255 motion.  Moreover, Williams must first file the 2255 action in order to obtain preparation of transcripts under § 753(f).  ***United States v. Horvath*, 157 F.3d 131, 132-33 (2nd Cir. 1998)(collecting cases)**.  Because Williams has not yet filed a § 2255 motion, he is not eligible for transcripts under § 753(f).  The Court is unable to determine that Williams' expected § 2255 action has any possible merit.

Lastly, Williams requests the statement of reasons.  Williams is not entitled to this document. In fact, neither the Government nor the defendant in any

criminal case is entitled to this document. Thus, the Court denies this request as well.

Accordingly, the Court **DENIES** Williams' motion for transcripts and report of proceedings (Doc. 88). Further, the Court **DENIES as moot** Williams' motion to proceed in forma pauperis (Doc. 89) and motion for prompt disposition (Doc. 90).

**IT IS SO ORDERED.**

Signed this 13th day of March, 2008.

/s/     David R Herndon
Chief Judge
United States District Court