IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 07-30015-DRH-01 |
| vs. | ) | |
| | ) | |
| LARRY SHABBAZ GOODEN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO
FED.R.CRIM.P. 32.2 WITH RESPECT TO CERTAIN FIREARMS
AND/OR AMMUNITION OF LARRY SHABBAZ GOODEN, JR.**

In the Indictment filed in the above cause on February 23, 2007, the United States sought forfeiture of property of Defendant, Larry Shabbaz Gooden, Jr., pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). The Court, upon consideration of the guilty plea and by the admissions of the Defendant received in this matter hereby finds by a preponderance of evidence that the following property was involved in and used in a knowing violation of the offense described in Count 4 to which the Defendant has plead guilty and is therefore forfeitable:

**One 12 gauge shotgun made by Meriden Firearms, Co., and bearing serial number 27735, and all ammunition contained therein.**

The United States shall publish at least once a week for three consecutive weeks in a newspaper of general circulation, notice of this order, notice of the intent of the United States Marshal or of the Vault Custodian for the Bureau of Alcohol, Tobacco, Firearms and Explosives to dispose of the property in such a manner as the Attorney General may direct, and notice that any persons other than the defendant who have any or claim any legal interest in any of the above-listed forfeited property, must file a petition with the court within thirty (30) days of final publication of the notice or receipt of actual notice, whichever time is earlier.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim for relief.

The United States may, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal or the Vault Custodian for the Bureau of Alcohol, Tobacco, Firearms and Explosive shall seize and reduce to his possession, if he has not already done so, the above-described forfeited property.

The Court finds that said property is forfeitable; however, the United States may, at its discretion, proceed with the destruction of said property without completing the forfeiture process against same.

The United States may abandon forfeiture of any item of property by filing notice of same with the Court.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture is hereby decreed to be final with respect to defendant Barry Chester Williams and is hereby made a part of his sentence and shall be included in the Judgment entered against him in this case. Said order is a final order only with respect to said defendant, and said order may be

amended with respect to petitions filed by third parties claiming an interest in the subject-matter forfeited property.

DATE: August 18, 2008

/s/     David R Herndon

Chief Judge
United States District Court