IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 07-cv-30015-SMY |
| LARRY SHABBAZ GOODEN, JR., | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Defendant Larry Shabbaz Gooden, Jr. filed a Motion to Vacate, Set Aside, and Correct Sentence Pursuant to 28 U.S.C. § 2255. He challenges his sentence based on the Supreme Court's decision in *United States v. Davis*, finding that the "residual" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S.Ct. 2319 (2019) (Doc. 141). The Government moves to dismiss Gooden's Petition for lack of jurisdiction (Doc. 143). For the following reasons, the Government's Motion is **GRANTED** and Gooden's Petition is **DISMISSED**.

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Gooden's Petition reveals that it must be dismissed as an unauthorized second or successive habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is a "second or successive" motion, which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Gooden previously filed a § 2255 Petition and received a full round of collateral review (*see Gooden v. United States*, Case No. 16-cv-530). The instant Habeas Petition is Gooden's second attempt at relief under § 2255, and as such, requires prior approval from the Seventh Circuit Court of Appeals. Therefore, this Court is without jurisdiction to consider the pending Petition. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)).

The Government's Motion to Dismiss is **GRANTED** and Gooden's Habeas Petition Under 28 U.S.C. § 2255 is **DISMISSED** for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United*

*States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

Here, because Gooden did not receive permission to file a successive § 2255 petition, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  August 28, 2020**

**STACI M. YANDLE**
**United States District Judge**