IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 07-cv-30015-SMY |
| LARRY SHABBAZ GOODEN, JR., | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Defendant Larry Shabbaz Gooden, Jr. pled guilty to conspiracy to commit kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and (c) (Count 1) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A), and 924(c)(1)(B) (Count 4) (Docs. 30, 54, 55, 56). He was sentenced to 600 months imprisonment, consisting of 360 months on Count 1 and 240 months on Count 4 ordered to run consecutively (Docs. 109, 115).

On June 23, 2020, Gooden filed a motion to vacate pursuant to 28 U.S.C. § 2255. He challenged his sentence based on the Supreme Court's holding in *United States v. Davis*, 139 S.Ct. 2319 (2019) that the "residual" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague (Doc. 141). The Government moved to dismiss Gooden's motion for lack of jurisdiction (Doc. 143), which the Court granted (Doc. 144).

Now pending before the Court is Gooden's Motion to Reconsider and Transfer Jurisdiction Under 28 U.S.C. § 1631 (Doc. 145). The Government has not responded to the motion.

Section 1631, provides that when a civil action is filed in a court,

> ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court ... in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which

it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Accordingly, Gooden's motion should be transferred to the Seventh Circuit if the Court finds it is in the interests of justice to do so.

Pursuant to 28 U.S.C. § 2255(f)(3), a § 2255 motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Gooden's habeas motion relies on the Supreme Court's June 24, 2019 decision in *Davis*. Because Gooden filed his habeas motion on June 23, 2020, the motion would be timely if the Court transferred it, but untimely is he was required to file it anew.

Gooden's counsel asserts that the interest of justice favor transfer. Specifically, Counsel states that she mistakenly filed Gooden's § 2255 motion in this Court rather than seeking authorization to file a second or successive petition in the Seventh Circuit. She urges that permitting Gooden to preserve his *Davis* claim by transferring the action to the Seventh Circuit is necessary to accomplish justice in this case. The Court agrees and finds that the interest of justice would not be served by foreclosing Gooden's *Davis* claims.

Accordingly, Gooden's Motion to Reconsider and Transfer Jurisdiction under 28 U.S.C. § 1631 (Doc. 145) is **GRANTED**. The Clerk of Court is **DIRECTED** to **TRANSFER** Gooden's habeas motion (Doc. 141) to the Seventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as a second or successive application under 28 U.S.C. §§ 2244 and 2255(h).

**IT IS SO ORDERED.**

**DATED:  January 13, 2022**

**STACI M. YANDLE**
**United States District Judge**