IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-cv-30015-SMY |
| | ) |
| LARRY SHABBAZ GOODEN, JR., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Defendant Larry Shabbaz Gooden, Jr. pleaded guilty to conspiracy to commit kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and (c) (Count 1) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A), and 924(c)(1)(B) (Count 4) (Docs. 30, 54, 55, 56). He was sentenced to 600 months' imprisonment, consisting of 360 months on Count 1 and 240 months on Count 4 ordered to run consecutively (Docs. 109, 115).

Now pending before the Court is Gooden's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 151), which the Government opposes (Doc. 154). The Court held a motion hearing on September 13, 2023, and granted Gooden leave to file supplemental authority (Doc. 175). After consideration of the briefing and arguments, Gooden's motion is **DENIED**.

## Background

In 2006, Gooden and his co-conspirator participated in a six-day crime spree that involved robbing multiple people at gunpoint, carjacking vehicles, abducting a victim and holding him captive in the trunk of his car for four days, attempting to rape a victim, and the sexual assault of another victim (Doc. 30); *see also United States v. Gooden*, 564 F.3d 887, 888-89 (7th Cir. 2009).

In February 2007, Gooden was charged in a superseding indictment with: conspiracy to commit kidnapping, 18 U.S.C. § 1201(a)(1) and (c) (Count 1); kidnapping, 18 U.S.C. § 1201(a)(1) (Count 2); carjacking, 18 U.S.C. §§ 2, 2119 (Count 3); possession of firearm in furtherance of a crime of violence, 18 U.S.C. §§ 2, 924(c)(1)(A) & 924(c)(1)(B)(i) (Count 4); being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Counts 5 and 6); and transportation of short barreled shotgun in interstate commerce, 18 U.S.C. §§ 2, 922(a)(4) (Count 7) (Doc. 30).

Gooden entered into a proffer agreement and plea agreement and ultimately pleaded guilty to conspiracy to commit kidnapping, 18 U.S.C. § 1201(a)(1) and (c), and possession of a firearm in furtherance of a crime of violence,18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(I). The plea agreement noted that Count 4 was committed during and in relation to Count 1 (Doc. 55, at p. 6). As part of the plea agreement, the Government agreed to dismiss the remaining charges against Gooden, and Gooden agreed to provide complete and truthful information about any criminal activity he knew about. *Id*. At 1-2, 5.

Prior to sentencing, the Government moved for a finding that Gooden had breached the plea agreement by failing to disclose a sexual assault that occurred during his crime spree (Doc. 101). At the sentencing hearing, the parties agreed that Gooden breached the plea agreement (Doc. 126, pp. 2-3). The Court noted that the matter would move forward "without regard to the terms of the plea agreement, which of course [did not] in any way withdraw Gooden's plea, only the terms of the plea agreement" (Doc. 126, p. 3) and proceeded on the guilty plea as an open plea. *Id*. In sentencing Gooden, the Court reasoned that the crime spree involving armed violence, robbery, abduction, and sexual assault, warranted a longer sentence to protect society from Gooden (Doc. 109). Gooden filed a direct appeal challenging the reasonableness of his sentence. *Gooden*, 564 F.3d 887. His conviction and sentence were affirmed in May 2009. *Id*.

In May 2016, Gooden filed a habeas petition pursuant to 28 U.S.C. § 2255, arguing that his firearm conviction should be vacated under *Johnson v. United States*, 135 S.Ct. 2551 (2015) because the residual clause was void for vagueness. *See Gooden v. United States*, Case No. 16-cv-530. In July 2016, this Court denied Gooden's petition on the merits, finding *Johnson* did not apply to Gooden's case as he was not sentenced as an armed career criminal or career offender. *Id.* at Doc. 10. Gooden did not appeal.

Gooden filed a second motion to vacate pursuant to 28 U.S.C. § 2255 on June 23, 2020 challenging his sentence based on the Supreme Court's holding in *United States v. Davis*, 139 S.Ct. 2319 (2019) that the "residual" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague (Doc. 141). The Government moved to dismiss Gooden's motion as an unauthorized successive petition (Doc. 143), which the Court granted (Doc. 144). Gooden later moved the Court to reconsider and transfer jurisdiction to the Seventh Circuit Court of Appeals (Doc. 145). His motion was granted and the Seventh Circuit authorized him to file a successive § 2255 petition (Doc. 148). That petition is now before the Court.

## Standard of Review

An action filed under 28 U.S.C. § 2255 seeks to collaterally attack a sentence outside of the traditional avenue of appeal. As such, § 2255 relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013).

Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's

collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, or that enforcing the procedural default would lead to a fundamental miscarriage of justice. *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017).

## Discussion

In *United States v. Davis*, 139 S.Ct. 2319 (2019), the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague. And significant here, the Seventh Circuit has held that federal kidnapping is not a crime of violence under § 924(c)'s surviving clauses. *See United States v. Jenkins*, 849 F.3d 390, 393 (7th Cir. 2017), *United States v. Brazier*, 933 F.3d 796, 800 (7th Cir. 2019). The Government nevertheless argues that Gooden's motion should be denied on four independent procedural grounds: Gooden's claim is precluded by his unconditional guilty plea; Gooden has procedurally defaulted by not raising his argument in his criminal case or on direct appeal; Gooden's motion should be dismissed because it raises the same claim as his first petition; and Gooden's motion is untimely. As the first asserted ground is dispositive, the Court need not address the remaining three.

Notwithstanding Gooden's protestations of unfairness, the Seventh Circuit's holding that a defendant who pleads guilty cannot later argue on collateral review that his underlying crime of violence no longer qualifies after *Davis* is clear, unequivocal, and fatal to his motion. *See Muratovic v. United States*, No. 19-3341, 2022 WL 1741615, at *1 (7th Cir. May 31, 2022); *Grzegorczyk v. United States*, 997 F.3d 743 (7th Cir. 2021); *United States v. Wheeler*, 857 F.3d 742 (7th Cir. 2017). In *Muratovic*, the defendant pleaded guilty without a plea agreement to conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a), attempted Hobbs Act robbery, *id.* §§ 1951(a) and 2, and possessing a firearm in furtherance of those offenses, *id.* § 924(c)(1)(A). *Muratovic v. United States*, 2022 WL 1741615, at *1. His convictions and sentence were affirmed

on direct appeal. *Id*. He then moved for relief under 28 U.S.C. § 2255, asserting that his Hobbs Act violation did not qualify as a "crime of violence" under § 924(c) in light of *Davis*. *Id*. The district court denied the petition holding that the defendant waived his claim by unconditionally pleading guilty and procedurally defaulted by not raising his argument on direct appeal. *Id*. The Seventh Circuit affirmed, reiterating that an unconditional guilty plea waives any contention that an indictment fails to state an offense. *Id. citing Grzegorczyk,* 997 F.3d at 746 and *Wheeler*, 857 F.3d at 744–45.

Here, absent a plea agreement, Gooden unconditionally pleaded guilty to conspiracy to commit kidnapping and possession of a firearm in furtherance of a crime of violence. In doing so, he admitted that the Government could prove each element of the offense. His citation to non-precedential district court cases holding otherwise is unavailing – under the law in this Circuit, he cannot now collaterally attack his conviction on the ground that one or more of the elements was not met. Accordingly, Gooden's motion is **DENIED**.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first obtain a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). This requires a finding that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Gooden has not demonstrated that reasonable jurists would disagree as to the Court's determination that his unconditional guilty plea precludes habeas relief. Therefore, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED:  October 12, 2023**

**STACI M. YANDLE**
**United States District Judge**